FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2007 JUL 12  PM 2: 03

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

JORGE L. NIEBLA,

            Plaintiff,

vs.                                    Case No.  2:07-cv-412-FtM-34SPC

FLORIDA DEPARTMENT OF CORRECTIONS,

            Defendant.

_____

**ORDER OF DISMISSAL**[1]

This matter comes before the Court upon initial review of the file. *Pro se* Plaintiff, who is currently incarcerated at Charlotte Correctional Institution, filed a § 1983 Complaint form. (Doc. #1.) Plaintiff wrote "emergency" on the Complaint. The Court immediately reviewed the Complaint and determined that no emergency exists.[2] Plaintiff did not accompany the filing of his Complaint with a motion to proceed *in forma pauperis* or the requisite $350.00 filing fee.

_____

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

[2]Plaintiff is advised that the use of the term "emergency" on the title of a pleading should be used in only extraordinary circumstances, when there is a true and legitimate emergency. When a pleading is labeled as an "emergency," the Court is compelled to immediately divert its attention from other pending matters and instead to focus on the "emergency." The Complaint *sub judice*, similar to other "emergencies" that Plaintiff has filed, does not constitute an emergency. Plaintiff should **not** label any further pleadings as an "emergency," unless there is a true and legitimate emergency. The failure to comply with the Court's directions will result in the imposition of sanctions.

At the outset, the Court notes that Plaintiff has not signed the Complaint as required by Fed. R. Civ. P. 11 and Local Rule 1.05(d), nor has Plaintiff responded to the questions as to whether he has availed himself of any of the administrative remedies that are available within the Florida Department of Corrections. The Complaint *sub judice* is entirely void of any specific factual allegations amounting to a constitutional violation. Rather, the Complaint includes only vague and conclusory allegations regarding Plaintiff's treatment at Charlotte Correctional. The Complaint alleges that "the staff" (presumably at Charlotte Correctional) "hates Plaintiff because he files grievances and report[s] staff corruption." Complaint at 8. Plaintiff alleges that a black inmate attacked Plaintiff on February 13, 2007, and staff placed him in "CM II as punishment." Id. With regard to the rights that are being violated, the Complaint states:

> Plaintiff['s] human rights [are] being violated as for he is being subjected to hatred, harassment, inhuman treatment, pain and suffering, and cruel and unusual mental punishment. Plaintiff['s] U.S. Constitutional Rights [are] being violated as for he is being denied protection and equal protection of the laws.

Id. at 9. As relief, Plaintiff requests that the Court grant him "assistance and protection." Id. at 10.

The Prison Litigation Reform Act (hereinafter PLRA), which amended 28 U.S.C. § 1915, contains the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

> an action or appeal in a court of the United
> States that was dismissed on the grounds that it
> is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g). Section 1915, known as the "Three Strikes Rule"

only permits a prisoner to file "three meritless suits at the reduced

rate." <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

Additionally, the Court may consider prisoner actions dismissed

before, as well as after, the enactment of the PLRA. <u>Rivera v. Allin</u>,

144 F.3d 719, 730 (11th Cir. 1998).

The Court takes judicial notice of the fact that Plaintiff has

previously been deemed a "three striker" by this Court and other

courts. <u>See</u> U.S. District Court, Middle District of Florida: 2:06-cv-

644; 2:06-cv-647; 2:06-cv-648; 2:06-cv-653; and 2:06-cv-660; U.S.

District Court, Northern District of Florida: 3:05-cv-399; 3:05-cv-

433; and, 3:05-cv-489; U.S. District Court, Southern District of

Florida:   0:02-cv-60676;   9:02-cv-81055;   and   1:01-cv-4326.[3]

Consequently, it would be futile to direct Plaintiff to file an

amended complaint to cure the above-mentioned defects and/or an

affidavit of indigence in order for the Court to determine whether

Plaintiff should be permitted to proceed *in forma pauperis*.

---

[3]The Court notes that the U.S. Party/Case Index reflects that,
as of the date of this Order, Plaintiff has filed approximately 91
cases in federal court concerning the conditions of his
confinement. <u>See</u> http://pacer.uspci.uscourts.gov.

In light of Plaintiff's "three strike" status and since the Court finds that Plaintiff is not under imminent danger of serious physical injury, this action will be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the $350.00 filing fee in its entirety at the time of filing.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's Complaint (Doc. #1) is **DISMISSED** without prejudice.

2.  The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 12th day of July, 2007.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

-4-